1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CAMITT RUSSELL DOUGHTON,                No.  2:20-cv-01774 TLN GGH P

12                    Petitioner,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14    WARREN L. MONTGOMERY, Warden,[1]

15                    Respondent.

16

17

18    *Introduction and Summary*

19           Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

20    pursuant to 28 U.S.C. § 2254.  The matter was referred to the United States Magistrate Judge

21    pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

22           Pending before the court is respondent's motion to dismiss on the ground that petitioner's

23    habeas petition fails to raise a cognizable federal claim. ECF No. 8. Petitioner has filed an

24    opposition, and respondent a reply. ECF Nos. 15, 16. Petitioner has also filed an unauthorized

25    *////*

26    _____

27           [1] The court grants respondent's request to substitute Warren L. Montgomery, the current warden of
      Calipatria State Prison, as respondent in this matter. See Stanley v. California Supreme Court, 21 F.3d

28    359, 360 (9th Cir. 1994) ("A petitioner for habeas corpus relief must name the state officer having custody
      of him or her as the respondent to the petition."); Rule 2(a), 28 U.S.C. foll. § 2254).

                                          1

sur-reply.[2] ECF No. 17. After careful reviewing the filings and applicable legal standards, the undersigned now issues the following findings and recommendations.

*Procedural Background*

Petitioner was convicted in Sacramento Superior Court by jury for first degree murder (Count One), first-degree robbery in concert (Count Two & Three), and possession of firearm by a felon (Count Four). ECF No. 10-1. Multiple sentencing enhancements were also found to be true. Id. On June 25, 2008, petitioner was sentenced to an indeterminate term of 25 years to life without the possibility of parole for Count One and 25 years to life with the possibility of parole for Count Two. Id. Petitioner appealed to the California Court of Appeal, Third Appellate District ("Court of Appeal"). On March 18, 2010, the Court of Appeal affirmed the judgment. ECF No. 10-2. Petitioner appealed to the California Supreme Court. ECF No. 10-3. On June 9, 2010, The California Supreme Court denied petitioner's petition for review. ECF No. 10-4.

Petitioner filed a petition for writ of habeas corpus in the Sacramento Superior Court on April 13, 2011. ECF No. 10-5. On June 2, 2011, the Sacramento County Superior Court denied the petition. ECF No. 10-6. On August 25, 2011, petitioner filed a petition for writ of habeas corpus with the Court of Appeal. ECF No. 10-7. On September 15, 2011, the Court of Appeal denied the petition. ECF No. 10-8. On September 28, 2011, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. ECF No. 10-9. The California Supreme Court denied the petition on April 11, 2012. ECF No. 10-10. Petitioner filed a second state habeas petition with the Court of Appeal on August 23, 2016. ECF No. 10-11. The Court of Appeal denied the petition on September 8, 2016. ECF No. 10-12. Thereafter, petitioner filed a state habeas petition again with the California Supreme Court on October 17, 2016. ECF No. 10-13. The California Supreme Court denied the petition on February 22, 2017. ECF No. 10-14.

On September 26, 2019, petitioner filed a petition for resentencing pursuant to Cal. Penal Code § 1170.95 with the Sacramento County Superior Court. ECF No. 10-15. On February 3, 2020, the Sacramento County Superior Court denied the resentencing petition. ECF No. 10-16.

---

[2] Although petitioner failed to seek authorization from the court prior to filing his sur-reply, in light of petitioner's pro se status, the court will consider petitioner's sur-reply.

2

1   On April 27, 2020, petitioner filed a state habeas petition challenging the state court's denial of

2   his resentencing petition with the California Supreme Court. ECF No. 10-17. On July 22, 2020,

3   the California Supreme Court denied the petition. ECF No. 10-18.

4          On August 25, 2011, petitioner filed a federal habeas petition with the district court

5   challenging his original 2008 conviction. ECF No. 10-19; see also Doughton v. McDonald, 2:11-

6   cv-02252 JAM KJN P. On April 15, 2013, the magistrate judge issued findings and

7   recommendations denying the habeas petition on the merits. ECF No. 10-20. On June 25, 2013,

8   the district judge adopted in full the April 15, 2013 findings and recommendations and judgment

9   entered. ECF Nos. 10-21, 10-22. Petitioner appealed to the Ninth Circuit Court of Appeal, and the

10  judgment was affirmed on September 30, 2014. ECF Nos. 10-23; 10-24. The judgment took

11  effect October 23, 2014. ECF No. 10-25. Petitioner filed a second habeas petition with the district

12  court on March 27, 2017, and the petition was denied as second or successive on March 29, 2019.

13  ECF Nos. 10-26-10-29; see also Doughton v. Spearman, 2:17-cv-00639 KJM DMC.

14         The instant federal habeas petition was filed on August 24, 2020.[3] ECF No. 1.

15  *Discussion*

16         It is difficult to ascertain the precise nature of the claims that petitioner brings in Claims 1

17  and 2, especially Claim 1.  The claims could be: (1) petitioner's resentencing petition pursuant to

18  Cal. Penal Code § 1170.95 (Senate Bill 1437) should have been granted based on insufficient

19  evidence proving petitioner as the actual killer, and (2) petitioner's counsel was ineffective for

20  failing to file a reply brief in support of petitioner's resentencing petition. ECF No. 1 at 5-6.  Or,

21  the first claim might have to do with petitioner's belief that the Superior Court judge did not

22  properly apply the standards which are set forth in the above statute.  If petitioner is actually

23  attacking the sufficiency of the evidence at his trial, the claim is successive and the court has no

24  jurisdiction to review it.  If it is the latter "improper state law standards applied," or some other

---

[3] The court affords petitioner application of the mailbox rule as to petitioner's habeas filings in state court and federal court. Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se prisoner who delivers habeas petition to prison officials for the court within limitations period).

1   state law interpretive error on the part of the state courts, respondent is correct that the assertion is

2   not cognizable in federal habeas corpus.  While it is theoretically possible to receive ineffective

3   assistance of counsel, even on state law issues, and hence state a viable federal claim, such a

4   claim is unavailable for state court collateral proceedings.  Moreover, petitioner goes no distance

5   in showing what possible difference the lack of a reply brief could have made in the outcome of

6   the resentencing process.

7       The resentencing decision by the Sacramento County Superior Court (the last reasoned,

8   state resentencing decision) is the place to start the analysis:

9   10   11   12   13   14

> The Second District Court of Appeal, Division One, in <u>People v. Lewis</u> (2020) -- Cal.App.5th--, 2020 Cal. App. LEXIS 9; <u>not yet final</u>, the Second District Court. of Appeal, Division Six, in People v. Cornelius (2020)·-- Cal.App.5th --, 2020 Cal. App. LEXIS 11, <u>not yet final</u>, and the Second District Court of Appeal, Division 7, in <u>People v. Verdugo</u> (2020) -  CalApp.5th --,  2020 Cal. App. LEXIS 33, <u>not yet final</u>, have- held that the court may make an initial determination of eligibility for relief under Penal Code § 1170.95 based solely on the initial pleading of the defendant and the record of conviction, which includes the appellate opinion, even if counsel has not yet been appointed.

15   16   17

> In defendant Doughton's case, the Conflict Criminal Defenders designated Sharon Cammisa to represent defendant Doughton. The court placed the matter on calendar and a hearing was held, at which time Cammisa  submitted the matter based on the record.

18   19   20   21   22   23   24   25   26   27

> The record clearly and unequivocally shows that defendant Doughton is not eligible to seek relief under Penal Code § 1170.95. Defendant Doughton was convicted at jury trial of first degree murder, and the jury found true a Penal Code§ 190.2(a)(17) robbery-murder special circumstance, after being instructed with CALCRIM No. 703,  that to find the special circumstance true the jury needed to find that either defendant Doughton was the actual killer, acted with intent to kill, or was a major participant in the robbery who acted with  reckless  indifference  to  human  life.   As  such,  the  jury necessarily found true the very factor that SB 1437 has now made a required finding for convicting a defendant of first degree murder based on a first degree felony-murder theory of liability. In addition, the jury found true a Penal Code § 12022.53(d) personal gun discharge  proximately  causing  the  death,  while  juries  for  his codefendants Edward Quintanilla and Danny Hampton found true only a Penal Code §12022(a)(I) arming enhancement and there was no gun enhancement found true for codefendant Deandre Scott, giving rise to the conclusion that defendant Doughton's jury, beyond a reasonable doubt had found that defendant Doughton was the actual killer.

28   ////

1

2

3

4

5

6

7

8

9

10

11

12

13

> Penal Code § 1170.95(a) provides that "[a]  person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated ... when all of the following conditions apply: ... (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." Defendant Doughton is not such a person, as the jury necessarily found it true beyond a reasonable doubt that he was either the actual killer, acted with intent to kill, or was a major participant in a burglary who acted with reckless indifference to human life - and beyond a reasonable doubt did additionally and necessarily find him to have been the actual killer - as is required under the SB 1437 amendments to Penal Code §§ 188 and 189 with regard to first degree felony murder itself.
>
> The court did not need to conduct a hearing to deny the instant Penal Code§ 1170.95 petition. Nevertheless, the court held a hearing and counsel for defendant Doughton did appear on his behalf.  There was nothing counsel for defendant could say at the hearing, other than what was said, that the matter was submitted based on the record, as the record clearly and unequivocally shows that defendant Doughton, convicted of felony-murder special circumstance murder, is not a "person" under the meaning of Penal Code § 1170.95(a) and, as such, is not eligible to seek relief under Penal Code § 1170.95.

14   ECF No. 10-16 at 3-4; see also ECF No. 10-16 at 1 (explanatory letter from petitioner's counsel).

15   To the extent that petitioner seeks to find that the jury verdict was based on insufficient

16   evidence, that ship left port a long time ago. Such an assertion must have been made on direct

17   review in state court, and later, if at all, in the *first* federal habeas petition.  As such, his

18   insufficiency of evidence assertion here in this later, resentencing habeas petition, if that is his

19   assertion, constitutes a successive claim, even though the ability to challenge the resentencing

20   process itself in a later habeas petition is left intact.  The court has no jurisdiction to review such

21   an insufficiency of evidence claim.  See Cole v. Sullivan, 480 F.Supp.3d 1089 (C.D. Cal. Aug.

22   19, 2020) (excellent discussion of this issue with its discussion of Ninth Circuit case law).

23   However, if petitioner is simply challenging the application of state law resentencing

24   standards, such a claim is not cognizable in federal habeas corpus.  A writ of habeas corpus is

25   available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law

26   binding on the state courts. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Middleton v. Cupp, 768

27   F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is

28   unavailable for alleged error in the interpretation or application of state law. Medley v. Runnels,

506 F.3d 857, 862 (9th Cir. 2007); Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Thus, to the extent petitioner is seeking to challenge the state court's application of a state sentencing law, petitioner's claim does not state a cognizable federal claim.  Moreover, petitioner newly asserts in his opposition and sur-reply a due process violation based on his denial of his resentencing petition. ECF Nos. 15; 17.  Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see also Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992) (To state a cognizable federal habeas claim based on an alleged error in state sentencing, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation).  For these reasons, petitioner has failed to raise a cognizable federal claim

Additionally, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. […] Consequently, a petition cannot claim constitutionally ineffective assistance of counsel in such proceedings.") Therefore, petitioner has no constitutional right to effective assistance of counsel. The undersigned also agrees with the Sacramento County Superior Court after presentation of the issues in petitioner's resentencing petition that "there was nothing more" defense counsel could have said in a reply or oral argument.

Accordingly, the undersigned recommends respondent's motion to dismiss be granted and petitioner's federal habeas petition be dismissed.

*Certificate of Appealability*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A

certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

*Conclusion*

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 8) be granted;

2.  Petitioner's federal habeas petition (ECF No. 1) be dismissed; and

3.  The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE